United States District Court
Southern District of Texas
**ENTERED**
May 12, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WAYNE THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-21-466 |
| | § | |
| CENTURY 7909, LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Wayne Thomas is a disabled individual under the Americans with Disabilities Act. He alleges that the nearby Dollar General store, where he has shopped and intends to continue to patronize, is liable for failing to comply with Title III of the Act. He alleges, and presents summary judgment evidence showing, that the store contains architectural barriers establishing liability under the ADA and requiring their removal. He seeks an injunction.

Based on the motion, the response, the record, and the applicable law, the court grants Thomas's motion for summary judgment. (Docket Entry No. 27). The reasons are explained below.

**I.      Background**

Thomas suffered a traumatic spine injury in 1990 and is paralyzed from the waist down so he uses a wheelchair. (Docket Entry No. 27-1 at 1). Thomas lives approximately five miles from a property owned by Century 7909, where he shops at the Dollar General store. (Docket Entry No. 27-1 at 2). Thomas enjoys the prices at Dollar General and it is located near his house, but he also visits the property as a tester to see if the property is compliant under the ADA.

Thomas visited the Dollar General three to four times in 2020, three times in 2021, two times in 2022, and he plans to visit at least three more times this year. (Docket Entry No. 27-1 at 2). He would have visited the store more, but his access to the store was impaired because of a ramp that protrudes into the disabled use parking space and the shared access aisle. (Docket Entry No. 27-1 at 3). The ramp has created an excessive slope in the parking space and there was missing signage for the disabled parking spaces. (Docket Entry No. 27-1 at 3). Thomas had trouble locating the disabled parking spaces and transferring from his car to his wheelchair because the protruding ramp prevented him from stabilizing his wheelchair. (Docket Entry No. 27-1 at 5). He alleges that he is at risk for tipping over when transferring from car to wheelchair.

Thomas retained an expert architect, Patrick A. Sullivan, who inspected the property and prepared a report laying out specific barriers, recommending ways to remove them, and estimating the costs — $3,700 — of doing so. (Docket Entry No. 27-10 at 11). Sullivan concluded that the disabled use parking spaces, access aisles, and curb ramp were not compliant with the ADA. (Docket Entry No. 27-10 at 16). Sullivan explained that the two designated accessible parking spaces servicing Dollar General are "obstructed by built-up curb ramp protruding into the spaces causing slopes in excess of 1:48." (Docket Entry No. 27-10 at 16). Sullivan concluded that the shared access aisle serving the two parking spaces is completely obstructed by the built-up curb ramp, which covers the entire access aisle and causes the slope within the access aisle to be greater than the regulations under the ADA permit. (Docket Entry No. 27-10 at 16). Sullivan explained that the current ramp needs to be demolished and rebuilt in a location where it does not protrude into the access aisle or parking space for disabled use. (Docket Entry No. 27-10 at 11). The report concludes that the modification is reasonable, structurally feasible, and readily achievable, and

will meet the ADA requirements without unduly burdening the defendant and with minimal impact to the operation of the property.

Century has not responded to the motion, and did not answer the requests for admission.

## II.     The Summary Judgment Standard and Evidence

### A.     The Legal Standard

"Summary judgment is appropriate only when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Shepherd ex rel. Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 282–83 (5th Cir. 2019) (quoting Fed. R. Civ. P. 56(a)). "A material fact is one that might affect the outcome of the suit under governing law," and "a fact issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Renwick v. PNK Lake Charles, LLC*, 901 F.3d 605, 611 (5th Cir. 2018) (quotations omitted).  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying the record evidence "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Where the non-movant bears the burden of proof at trial, 'the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating'" that "there is an issue of material fact warranting trial.'" *Kim v. Hospira, Inc.*, 709 F. App'x 287, 288 (5th Cir. 2018) (quoting *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)).  The moving party must demonstrate the absence of a genuine issue of material fact, but it need not need to negate the elements of the nonmovant's case. *Austin v. Kroger Tex., LP*, 864 F.3d 326, 335 (5th Cir. 2017) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075, 1076 n.16 (5th Cir. 1994) (en banc)). "If the moving party fails to meet [its] initial burden, [the summary

judgment motion] must be denied, regardless of the nonmovant's response." *Pioneer Expl., LLC v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001)).

"When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Willis v. Cleo Corp.,* 749 F.3d 314, 317 (5th Cir. 2014). "A party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Lamb v. Ashford Place Apartments LLC*, 914 F.3d 940, 946 (5th Cir. 2019) (quotations omitted). In deciding a summary judgment motion, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his or her favor." *Waste Mgmt. of La., LLC v. River Birch, Inc.,* 920 F.3d 958, 972 (5th Cir. 2019) (alterations omitted) (quoting *Tolan v. Cotton*, 572 U.S. 650, 656 (2014)). When the facts are undisputed, the court "need only decide whether those undisputed facts are material and entitle the movant to judgment as a matter of law." *Flowers v. Deutsche Bank Nat. Tr. Co.*, 614 F. App'x 214, 215 (5th Cir. 2015).

**B.    The Record**

Thomas submitted the following exhibits in support of his motion for summary judgment:

- Thomas's affidavit, (Docket Entry No. 27-5);
- Thomas's Request for Admissions, served November 2, 2021 (Docket Entry No. 27-6);
- the Harris County Appraisal District Record for 12550 Fondren Rd., Houston, TX 77071, (Docket Entry No. 27-7);
- a set of driving directions from Thomas's home address to 12550 Fondren Rd, Houston, TX 77071, (Docket Entry No. 27-8);

- the 2011 Warranty Deed for 12550 Fondren Rd., Houston TX 77071, (Docket Entry No. 27-9);

- Thomas's ADA Expert Report, (Docket Entry No. 27-10);

- a photograph of the alleged ADA violations, (Docket Entry No. 27-11);

- Thomas's Utility Bill – February 2022, (Docket Entry No. 27-12); and

- Thomas's Medical Records, (Docket Entry No. 27-13).

### III. Analysis[1]

Title III of the ADA prescribes, as a general rule:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). The enforcement provisions of the ADA provide a private right of action to any person who is "being subjected to discrimination on the basis of disability" or who has "reasonable grounds for believing that such person is about to be subjected to discrimination[.]" 42 U.S.C. § 12188(a)(1)). Discrimination includes the failure to design new construction or altered portions of a building to be readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a). The design, construction, or alteration of buildings after January 25, 1993, is governed by the ADA Accessibility Guidelines for Buildings and Facilities. *See* 42 U.S.C. § 12183(a); 36 C.F.R., Pt. 1191, App. B.

---

[1] Thomas has standing to bring this claim because he has sufficiently alleged that the inaccessible parking spaces have discouraged him from shopping at the Dollar General and that he plans return to the Dollar General regularly in the future. *Frame v. City of Arlington*, 657 F.3d 215, 236 (5th Cir. 2011)

x

Thomas must show that 1) he has a disability; 2) the place that Century owns is a place of public accommodation; and 3) Thomas was denied full and equal enjoyment because of his disability. *See* 42 U.S.C. § 12182.

Thomas qualifies as a disabled person under the ADA because he cannot walk or stand and requires a wheelchair. 42 U.S.C. § 12102(2)(A). Dollar General is a place of public accommodation under 42 U.S.C. § 12181(7). The Harris County Appraisal District records show that Century's property was constructed in 1994. (Docket Entry No. 27-7 at 3). Because Century's property was built after January 26, 1992, the new construction must comply with the unless the requirements of the ADA would be "structurally impracticable." 42 U.S.C. § 12183(a)(1)).

A structure presents a barrier when it does not meet the technical requirements of the ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG"). *See Greer v. Richardson Indep. Sch. Dist.*, 472 F. App'x 287, 300 (5th Cir. 2012); *MacClymonds v. IMI Invs., Inc.*, No. CIV.A. H-05-2595, 2007 WL 1306803, at *4 (S.D. Tex. Apr. 5, 2007); *Gathright-Dietrich v. Atlanta Landmarks, Inc.* ("*Gathright-Dietrich I*"), 435 F.Supp.2d 1217, 1226 (N.D. Ga. 2005), *aff'd,* 452 F.3d 1269 (11th Cir. 2006) (ADAAG may be used to determine whether a barrier exists).

Thomas's expert confirmed that the two designated accessible parking spaces are obstructed by a protruding ramp and the shared access aisle is completely obstructed by a built-up curb ramp. The Accessibility Guidelines require that the parking spaces and access aisles be level and free from built-up curb ramps. ADAAG 502.4. Century has not responded, so there is no dispute that the ramp and parking spaces are in violation of the Accessibility Guidelines and therefore are a barrier to access. Thomas has shown that the inaccessible parking spaces require him to either take the risk of transferring himself onto an unstable wheelchair or visit a different store than he would prefer. Thomas has established that Century is in violation of the ADA.

6

Injunctive relief is an available remedy for violations of § 12182(b)(2)(A)(iv) and such relief includes "an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities." 42 U.S.C. § 12188(a)(2). Thomas has established that he is entitled to injunctive relief.

**IV.   Conclusion**

Thomas's motion for summary judgment, (Docket Entry No. 27), is granted. No later than June 17, 2022, Thomas must submit a proposed final judgment setting out the precise relief he seeks and an affidavit and supporting documents supporting any attorney's fees he also seeks.

SIGNED on May 12, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge