United States District Court
Southern District of Texas
**ENTERED**
August 05, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WAYNE THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-21-466 |
| | § | |
| CENTURY 7909, LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

The court granted Wayne Thomas's motion for summary judgment against Century 7909, LLC, on his claims under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* As the prevailing party, Thomas moves for entry of attorneys' fees and costs. (Docket Entry No. 30). Century 7909 did not respond to the motion for summary judgment or to the motion for attorneys' fees and costs. The court grants the motion as to costs and fees except for the costs sought for a private process server. The reasons are set out below.

**I.    Attorneys' Fees under the Americans with Disabilities Act**

The Americans with Disabilities Act allows for the recovery of "a reasonable attorney's fee, including litigation expenses[] and costs." 42 U.S.C. § 12205. Under the Americans with Disabilities Act, a plaintiff is entitled to attorneys' fees as a prevailing party if: (1) he achieved judicially sanctioned relief; (2) the relief materially alters the parties' legal relationship; and (3) the relief modifies the defendant's behavior to the benefit of the plaintiff at the time the relief is entered. *Miraglia v. Bd. of Supervisors of La. State Museum*, 901 F.3d 565, 576 (5th Cir. 2018) (quoting *Davis v. Abbott*, 781 F.3d 207, 214 (5th Cir. 2015)). "[A] prevailing plaintiff in an [Americans with Disabilities Act] case 'should ordinarily recover an attorney's fee unless special

circumstances would render such an award unjust.'" *Shelton v. La. State*, 919 F.3d 325, 328 (5th Cir. 2019) (quoting *Lefemine v. Wideman*, 568 U.S. 1, 5 (2012)). "Congress believed that the incentive of attorney's fees was critical to the enforcement of the civil rights laws." *Grisham v. City of Fort Worth, Texas*, 837 F.3d 564, 568 (5th Cir. 2016). The Fifth Circuit requires defendants in cases under the Americans with Disabilities Act to "make an extremely strong showing of special circumstances to avoid paying attorneys' fees." *See Shelton v. Louisiana State*, 919 F.3d 325, 328 (5th Cir. 2019) (quoting *Pruett v. Harris County Bail Bond Bd.*, 499 F.3d 403, 417 (5th Cir. 2007)). "[T]he discretion to deny . . . fees is extremely narrow." *See id.*

The fee applicant must submit documentation to establish entitlement to an award. *Fox v. Vice*, 563 U.S. 826, 838 (2011). The court, however, does not need "to achieve auditing perfection" but only "to do rough justice[.]" *Id.* The "trial court[ ] may take into account [its] overall sense of a suit[ ] and may use estimates in calculating and allocating an attorney's time." *Id.*

**II.    Analysis**

The court concluded that Thomas is entitled to injunctive relief requiring Century 7909 to remove the barriers on its property that violate the Americans with Disabilities Act. (Docket Entry No. 29). Thomas is a prevailing party entitled to attorneys' fees under the Act. *See Shelton*, 919 F.3d at 328–29 (a plaintiff is a prevailing party under the Americans with Disabilities Act where the plaintiff sought and successfully obtained equitable relief).

"In determining the appropriate amount of attorney's fees, a district court first must calculate the 'lodestar' by 'multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers.'" *Rodney v. Elliott Sec. Sols., L.L.C.*, 853 F. App'x 922, 924 (5th Cir. 2021) (quoting *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th

Cir. 1998)). "After determining the lodestar, the district court may then examine the *Johnson* factors to decide if appropriate adjustments to the lodestar are necessary." *Id.* (citing *Migis*, 135 F.3d at 1047). The *Johnson* factors are: (1) time and labor required for the litigation; (2) novelty and difficulty of the questions presented; (3) skill requisite to perform the legal services properly; (4) preclusion of other employment; (5) customary fee; (6) whether the fee is fixed or contingent; (7) limitations imposed by the client or circumstances; (8) amount involved and the result obtained; (9) experience, reputation, and ability of the attorneys; (10) undesirability of the case; (11) nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, at 717–19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 91–93 (1989).

Thomas seeks an hourly rate of $325 for Louis Mussman and Brian Ku, and $500 for John Grubb. Mussman and Ku each have 20 years of experience and Grubb has more than 40 years of experience. (Docket Entry No. 30-2). Mussman and Ku both have national practices that focus on the Americans with Disability Act and regularly bring lawsuits similar to this case. (Docket Entry No. 30-2). Grubb is a Texas attorney with more than 50 years of litigation experience. (Docket Entry No. 30-2). Thomas also asks for a $100 hourly rate for the paralegal.

A reasonable hourly rate is "an appropriate hourly rate in the community for the work at issue." *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). Thomas points to other cases in this district which have awarded similar rates. *See, e.g., Bowman v. Prida Contruction, Inc.*, 2021 WL 4891325, *3 (S.D. Tex. 2021) (awarding an hourly rate of $500 for attorney with 30 years of experience based on rates charged in Houston for Americans with Disability Act cases). Thomas also points out that courts in other jurisdictions have awarded similar rates for Mussman's and Ku's work. *See, e.g., Brown v. Green*, *317 Madison, LLC*, No.

1:11-cv-04466-ENV-CLP, 2014 WL 1237448, at *10 (E.D.N.Y. Feb. 4, 2014) (approving hourly rate of $350 for Mussman in ADA Title III case); *Martinez v. Public Storage*, No. 09- 21488, 2010 WL 2219712 (S.D. Fla. Apr. 27, 2010) (approving a 2010 hourly rate of $300 for Ku in a an Americans with Disability Act case). The court concludes that the hourly rates that Thomas seeks are reasonable.

Thomas seeks compensation for 102.4 hours, a 15 percent reduction of the time billed. Thomas provided billing records supporting his request. (Docket Entry No. 30-5). Allowing these hours and the hourly rates produces $27,100.13 in fees billed by Mussman and Ku, $9,477.50 billed by Grubb, and $1,164.50 billed by the paralegal, totaling a lodestar amount of $37,742.13. "The lodestar is presumed to reflect a reasonable attorneys' fee award, but the district court may adjust it upward or downward in exceptional cases." *League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997). Thomas explains that other than responding to one email, Century 7909 has not participated in this litigation since the court's status conference on October 19, 2021. Century 7909 refused to participate in discovery, attend mediation, respond to any contact from Thomas's counsel, or respond to Thomas's motion for summary judgment. Thomas notes that this obstruction did not dissolve Thomas's responsibility to seek discovery from Century 7909, reach out to Century 7909's counsel to comply with joint court-ordered deadlines, or gather the evidence to prove his case, including by hiring an expert to independently assess Century 7909's property. Thomas's counsel prepared a motion for summary judgment without knowing that Century 7909 would not respond to the motion. Despite Century 7909's lack of participation, Thomas still carried the burden of proving his case and was ultimately successful because of the information that his counsel gathered and the motion they prepared. Many courts have recognized that Thomas's counsel has extensive

experience in filing nearly identical cases to this one, limiting the need for novel research or innovative pleadings. *See, e.g.*, *Gilmore v. Audubon Nature Inst., Inc.*, 353 F. Supp. 3d 499, 513 (E.D. La. 2018) (citation omitted) ("the complaints and the pleadings in a majority of the other lawsuits . . . [are] nearly identical to the ones filed here . . . the law in each case is the same . . . [and] much of the legal research [is] largely unnecessary.").

The record shows that Thomas seeks an award based on a reasonable amount of time spent. For example, counsel seeks payment for a combined 34.8 hours drafting the motion for summary judgment. (Docket Entry No. 30-5). This is consistent with the time other courts have found reasonable in similar cases brought by Thomas's counsel. *See, e.g.*, *Marshall v. Rio Grande River Ltd. P'ship*, 162 F. Supp. 3d 54, 59 (D. Mass. 2016) (finding that 117.4 hours spent drafting a motion for summary judgment was unreasonably high and reducing Mussman's hours to 48.9); *Gilmore v. Audubon Nature Inst., Inc.*, 353 F. Supp. 3d at 512 (reducing a fee award sought by Mussman and Ku for 46.1 hours drafting a motion for summary judgment to 27.66 hours); *Hernandez v. Berlin Newington Assocs., LLC*, No. 3:10-CV-01333, 2016 WL 5339720, at *6 (D. Conn. Sept. 22, 2016), *aff'd,* 699 F. App'x 96 (2d Cir. 2017) (52.2 hours spent drafting a motion for summary judgment in a disability act case was reasonable). The lodestar, including the 15 percent reduction, reflects a reasonable amount of hours expended for this case.

Thomas also seeks reimbursement for costs and related expenses, in the amount of $1,740.06. The Americans with Disabilities Act authorizes a court to award attorneys' fees, litigation expenses, and costs to a prevailing party. 42 U.S.C. § 12205; 28 C.F.R. § 35.175. The preamble to the Act states that "[l]itigation expenses include items such as expert witness fees, travel expenses, etc." 28 C.F.R. § 35.175. Thomas seeks $1,000.00 for the Americans with

5

Disability Act expert report, which he provided as evidence in support of his motion for summary judgment. He is entitled to recover this cost.

A court may award costs for court fees under 28 U.S.C. § 1920. Thomas seeks reimbursement for $402.00 for filing fees of clerk and $338.06 for fees for service. Section 1920 provides for costs for "[f]ees of the clerk and marshal," but in the Fifth Circuit "costs for private process servers are not recoverable, absent exceptional circumstances." *Zastrow v. Houston Auto M. Imports Greenway, Ltd.*, 695 F. App'x 774, 780 (5th Cir. 2017). Thomas has not explained why the private process server cost was necessary in this case. The court finds that Thomas is entitled to recover court filing fees, but not the fees incurred in using the private process server.

### III. Conclusion

Thomas's motion for attorneys' fees and costs, (Docket Entry No. 30), is granted in part and denied in part. The court awards fees and expenses in the amount of $37,742.13 and costs in the amount of $1,402.00. Final judgment is separately entered.

SIGNED on August 4, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge